UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH A. THOMAS MD, LLC, a Connecticut limited liability company, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ALLEGHENY MARKETING GROUP, INC., a Pennsylvania corporation, and STRYKER CORPORATION, a Michigan corporation,<br><br>*Defendants*. | Case no. 2:20-cv-00840-LPL |

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kenneth A. Thomas MD, LLC ("Thomas" or "Plaintiff") brings this Class Action Complaint against Defendants Allegheny Marketing Group, Inc. ("AMG") and Stryker Corporation ("Stryker"), to stop their practice of sending unauthorized and unwanted fax advertisements, and to obtain redress for all persons and entities similarly injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

**PARTIES**

1. Plaintiff Kenneth A. Thomas MD, LLC is a Connecticut limited liability company with its principal place of business in Stratford, Connecticut.

2. Defendant AMG is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania.

1

3. Defendant Stryker Corporation is a Michigan corporation with its principal place of business in Kalamazoo, Michigan.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdication over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), a federal statute for which there is federal question jurisdiction.

5. The Court has personal jurisdiction over Defendants and venue is proper in this District because AMG has its main office in this District, because AMG and Stryker contracted for fax advertisements to be sent out from this District on Stryker's behalf, and because AMG sent a fax on Stryker's behalf to Plaintiff from this District.

## INTRODUCTION TO DEFENDANTS

6. AMG is a global market research firm that provides market research services for, among others, medical technology companies like Stryker.[1]

7. As part of an overall marketing plan to advertise its medical/healthcare surveys, and ultimately its client's like Stryker's products, AMG sends unsolicited faxes to doctors and their organizations on behalf of its clients.

8. The unsolicited faxes advertise the different surveys that AMG is doing as part of the research services for its clients' commercial purposes.

9. Defendant AMG sends these fax advertisements to individuals and business with which it has no existing business relationship, and without express invitation or permission, in violation of the TCPA.

10. The fax advertisements at issue failed to provide recipients with proper opt-out

---

[1] https://www.amg-research.com/

notice information required by the TCPA and implementing regulations. Specifically, the faxes failed to provide notice identifying a facsimile number and domestic contact telephone number for fax recipients to transmit their opt-out requests.

### FACTS SPECIFIC TO PLAINTIFF KENNETH A. THOMAS MD, LLC

11. On July 11, 2017 at 11:32 AM, AMG sent an unsolicited fax to Plaintiff Thomas that advertises a research study being conducted by AMG on behalf of Stryker involving surgeons regarding surgical lighting and ceiling mounted equipment booms that, on information and belief, Stryker sold or intended to sell to surgeons.

From: AMG Research To: 12033776497 　　　　　　　　　On: 11:32:59 AM, Tuesday, July 11, 2017



**Attention**: Surgeons
**What**: Research study at amgsurvey.com
**Honorarium:** $30 Amazon.com eGift card

AMG Research is currently conducting a research study with Surgeons regarding surgical lighting and ceiling mounted equipment booms.

If you qualify and participate in the study, we are offering a **$30 Amazon.com** eGift card.

To participate in the study, please visit www.amgsurvey.com and click on the "OR Lights and Booms Study" link.

Please using the following password: **123691**

The study will only take about 15-20 minutes to complete.

Please call +1 800-889-8290 or email admin@amgsurvey.com for technical assistance.

Thank you in advance for your participation.

Best Regards,
AMG Research



AMG Research is an independent research company and does not share your information with anyone. All data is confidential.

1

12. As compensation for Plaintiff Thomas' valuable time, the fax indicates that if the surgeon qualifies and participates, the surgeon will receive a $30 Amazon.com eGift card.

13. According to the fax, it is estimated that the study will take 15 – 20 minutes.

14. The fax advertisement failed to contain the required opt-out notice mandated by 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. § 54.1200(a)(4)(iii)-(iv). Specifically, the faxes failed to contain any language that identified a facsimile number and telephone number for fax recipients

4

to transmit their opt-out requests.

15. Plaintiff never consented to receiving solicitation faxes from Defendants and does not have an existing relationship with Defendants.

## CLASS ACTION ALLEGATIONS

16. **Class Definition:** Plaintiff Thomas brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually and on behalf of the following Class:

> All persons and entities in the United States who from four years prior to the filing of the initial complaint in this action through class certification, (1) received a facsimile regarding a research study, (2) on their fax machine, (3) sent from AMG on behalf of Stryker, and (4) for whom AMG claims to have obtained consent in the same manner AMG claims to have obtained consent from Plaintiff, or AMG does not claim to have obtained consent.

17. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

18. **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants faxed unsolicited advertisements to thousands of individuals and entities who fall into the definition of the Class. Class membership can be easily determined from Defendants' records.

5

19. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendants violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendants' uniform wrongful conduct.

20. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a) How AMG gathered, compiled, or obtained fax numbers of Plaintiff and the Class;

   b) Whether AMG's faxes advertised the commercial availability or quality of property, goods, or services;

   c) Whether AMG sent the fax advertisements without first obtaining Plaintiff and the Class's prior express permission or invitation to do so;

   d) Whether Stryker is liable for the fax advertisements sent by AMG; and

   e) Whether Defendants' conduct was willful such that Plaintiff and the Class are entitled to treble damages.

21. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

22. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive

relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

23.  **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Class)

24.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

25.  The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

26.  The TCPA defines "unsolicited advertisement" as "any material advertising the

commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

27. The faxes sent by AMG on behalf of Stryker advertised the commercial availability and quality of their goods and services and were commercial in nature. Therefore, Defendants' faxes are advertisements under the TCPA.

28. Defendants sent the facsimile advertisements at issue to Plaintiff and members of the Class without their prior express invitation or consent, and despite the lack of an existing business relationship between them and members of the Class.

29. By sending the unsolicited advertisement faxes at issue to Plaintiff and members of the Class without their prior express invitation or permission, Defendants violated 47 U.S.C. § 227(b)(1)(C).

30. As a result of Defendants' conduct, Plaintiff and the members of the Class suffered actual damages, including the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

31. Plaintiff and the Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendants' misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3).

32. Additionally, as a result of Defendants' unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendants' violations of the TCPA do not continue into the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kenneth A. Thomas MD, LLC, on behalf of itself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Kenneth A. Thomas MD, LLC as the representative of the Class, and appointing its counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate the TCPA;

C. An order enjoining Defendants from further TCPA violations, and otherwise protecting the interests of the Class;

D. An award of statutory damages;

E. An award of pre-judgement interest and costs; and

F. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**KENNETH A. THOMAS MD, LLC**, individually and on behalf of all others similarly situated,

Dated: January 13, 2021

/s/ *Avi R. Kaufman*
Avi R. Kaufman (*pro hac vice*)
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

Andrew M Carroll
Law Office of Andrew M. Carroll
1800 JFK Blvd, Suite 300
Philadelphia, PA 19103

Telephone: (609) 400-1302
Email: andrewcarrollesq@gmail.com

*Attorneys for Plaintiff and the putative Class*