IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH A. THOMAS MD, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 20-840 |
| ) | |
| v. ) | |
| ) | District Judge W. Scott Hardy |
| ALLEGHENY MARKETING GROUP, INC., ) | Magistrate Judge Lisa Pupo Lenihan |
| and STRYKER CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This matter comes before the Court on the Report and Recommendation ("R&R") entered by Magistrate Lisa Pupo Lenihan on November 1, 2021. (Docket No. 54). By way of background, Plaintiff Kenneth A. Thomas MD, LLC ("Plaintiff"), a physician's Connecticut limited liability company, first brought this putative nationwide class action against Defendant Allegheny Marketing Group, Inc. ("AMG"), a global marketing research firm and Pennsylvania corporation. (Docket No. 1). Plaintiff subsequently filed an Amended Complaint to add Stryker Corporation ("Stryker"), a Michigan medical technology corporation, as an additional Defendant. (Docket No. 28). Plaintiff's action is brought under the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, which makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." *Id.*, § 227(b)(1)(C). AMG answered Plaintiff's Amended Complaint, and Defendant Stryker moved to dismiss with prejudice the claim against it in the Amended Complaint for lack of personal jurisdiction and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6), respectively. (Docket Nos. 32, 41).

1

The R&R recommends that Defendant Stryker's Motion to Dismiss (Docket No. 41) should be granted because Plaintiff's Amended Complaint fails, as a matter of law, to state a claim against Stryker under the TCPA, and Stryker therefore should be dismissed as a Defendant in this case.[1] (*See* Docket No. 54 at 1, 4-10, 13).  Service of the R&R was made on all parties, and they were informed that any objections to same were due by November 15, 2021.  Plaintiff subsequently moved for, and was granted, an extension of time to file objections by November 29, 2021, and any response by Defendant Stryker was due by December 27, 2021.  (Docket Nos. 55, 56). Thereafter, no party filed any objections to the R&R.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. Fed. R. Civ. P. 72(b)(2), (b)(3); 28 U.S.C. § 636(b)(1).  Here, however, because no party filed any objections to the R&R, which explicitly states that "[f]ailure to file timely objections will constitute a waiver of any appellate rights," (Docket No. 54 at 13), this Court reviews the magistrate judge's decision for plain error.  *See Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *see also* Fed. R. Civ. P. 72(b), Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

In this case, upon careful review of the R&R and the entire record, including Plaintiff's Amended Complaint, Defendant Stryker's Motion to Dismiss and supporting brief, Plaintiff's Response thereto, and Stryker's Reply (Docket Nos. 28, 41, 42, 45, 51), and finding no plain error

---

[1] As further explained in the R&R, Plaintiff also failed to sufficiently allege this Court's personal jurisdiction over Stryker, and the Court would be inclined to find it lacking.  (*See* Docket No. 54 at 1, 10-12, 13).  However, that determination is unnecessary to a ruling on Stryker's Motion given that Plaintiff has failed to state a claim against Stryker.  (*Id.* at 1, 13).

2

on the face of the record, the Court will accept Judge Lenihan's recommendation. As such, the Court will adopt the R&R as the Opinion of the Court, and will grant Defendant Stryker's Motion to Dismiss as more specifically set forth below.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 20th day of January, 2022,

IT IS HEREBY ORDERED that the R&R (Docket No. 54) is ADOPTED as the Opinion of the Court.

For the reasons set forth in the R&R, IT IS FURTHER ORDERED that Defendant Stryker Corporation's Motion to Dismiss for failure to state a claim (Docket No. 41) is GRANTED, and Plaintiff's claim against Stryker under the TCPA as alleged in the Amended Complaint is DISMISSED WITH PREJUDICE.

*s/ W. Scott Hardy*  
W. Scott Hardy  
United States District Judge

cc/ecf:        All counsel of record